**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0798-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ASHLEY A. GEORGES,

    Defendant-Respondent.

_____

        Argued telephonically May 24, 2018 — Decided July 10, 2018

        Before Judges Koblitz, Manahan and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Indictment No.
        00-04-1057.

        Ashley A. Georges, appellant, argued the cause
        pro se.

        Barbara A. Rosenkrans, Special Deputy Attorney
        General/Acting Assistant Prosecutor, argued
        the cause for respondent (Robert D. Laurino,
        Acting Essex County Prosecutor, attorney;
        Barbara A. Rosenkrans, of counsel and on the
        brief).

PER CURIAM

    Defendant Ashley A. Georges appeals from the denial of his

second and third petitions for post-conviction relief (PCR).

Defendant also appeals the denial of a motion for a new trial based upon newly discovered evidence. We affirm.

We recite the procedural history of the case necessary for our review. Tried by a jury in 2001, defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1); two third-degree charges of unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a).[1] On February 8, 2002, the judge sentenced defendant to an aggregate sentence of life imprisonment with a thirty-year parole disqualifier. Appropriate fines and fees were imposed.

Defendant filed a direct appeal. We affirmed defendant's convictions in an unpublished opinion, State v. Georges, No. A-3960-01 (App. Div. Sept. 29, 2003). The Supreme Court denied defendant's petition for certification. State v. Georges, 180 N.J. 453 (2004).

Defendant then filed a first petition for PCR, which was denied. We affirmed the denial in an unpublished opinion, State v. Georges, A-2215-07 (App. Div. July 9, 2010). The Supreme Court

---

[1] Prior to trial, the judge held a Miranda hearing, after which he ruled that defendant's statement to police was admissible. Miranda v. Arizona, 384 U.S. 436 (1966).

denied defendant's petition for certification. State v. Georges, 205 N.J. 15 (2010).

On December 6, 2010, defendant petitioned for a writ of habeas corpus before the United States District Court.[2] On January 21, 2011, while that petition was pending, defendant filed his second petition for PCR. Defendant filed an amended petition for writ of habeas corpus with the District Court, as well as a motion to stay the petition in order to pursue the second collateral relief motion in state court. An answer was filed by respondent to defendant's amended petition for a writ of habeas corpus and in opposition to defendant's motion to stay on February 17, 2012.

Two months later, defendant filed motions with the District Court for an evidentiary hearing and for admissions. Both motions were opposed by the State.

By letter dated July 24, 2012, the Law Division advised defendant that he "must decide" whether he wished to "proceed with [his] case in State Court or Federal Court." A decision was to be submitted by August 13, 2012. Two days prior to the expiration date, defendant advised that he wanted to dismiss his petition without prejudice pending the outcome of his motion for a stay before the District Court. Due to defendant's pending habeas

---

[2] Defendant's brief and appendix indicate the petition for writ of habeas corpus was mailed on November 30, 2010.

corpus application, the court denied defendant's second PCR motion without prejudice.

In November 2014, a certification was signed by Hakim Kelly, an inmate at the Essex County Jail at the time of the victim's death, regarding an unspecified murder committed in Newark. The certification disclosed that Kelly was identified by a witness from a photo array of suspects. Within his certification, Kelly stated, "I can honestly say that I will never forget that date of December[] 4, 1999, because that was the first time I was happy to be in jail because I was wrongly identified for a murder."

On December 10, 2014, defendant filed motions in the District Court for a stay to resolve newly discovered evidence; for discovery; to expand the record; and for an evidentiary hearing. A memorandum was filed by the State, as respondent.

On March 9, 2015, the District Court ordered defendant to submit details of his pending State matter, which defendant answered by letter in April 2015. In February 2016, the District Court granted defendant's motion to stay the habeas corpus proceeding to allow him to exhaust State court claims.

Defendant filed his third petition for PCR in April 2016. The PCR was denied on August 30, 2016 in a written opinion by Judge Michael A. Petrolle. The judge held that defendant's second and third petitions were time barred. As for the newly discovered

4

evidence claim, the judge found, given the overwhelming evidence of defendant's guilt and lack of specificity in Kelly's certification, the contents of the certification would not have led the jury to acquit defendant.

Defendant filed a notice of appeal. We granted defendant leave to proceed as indigent on December 19, 2016. On January 30, 2017, we denied defendant's motions for the assignment of counsel and for a remand to conduct an evidentiary hearing. On March 2, 2017, we denied defendant's motion for disclosure of materials related to identification procedures.

Defendant raises the following points on appeal:

POINT I

NEWLY DISCOVERED EVIDENCE THAT HAKIM KELLY WAS IDENTIFIED AS THE SHOOTER OF KEVIN JACKSON BEFORE [DEFENDANT'S] EYEBROWS WERE IDENTIFIED BY THE STATE'S WITNESS AS BEING SIMILAR TO THE EYEBROWS OF AN INDIVIDUAL SHE OBSERVED ON THE DAY OF THE SHOOTING WALKING FROM ONE CAR TO ANOTHER.

A. THE NEWLY DISCOVERED EVIDENCE THAT RIDDICK IDENTIFIED HAKIM KELLY, SOMEONE OTHER THAN THE APPELLANT IS 'MATERIAL' AND NOT MERELY IMPEACHING OR CONTRATICTORY [SIC], AND HAD THE CAPACITY TO UNDERMINE THE IDENTIFICATION OF APPELLANT.

B. A DETERMINATION OF IMPERMISSIVE SUGGESTIBILITY IS TO BE ASSESSED BY THE TOTALITY OF THE CIRCUMSTANCES OF MELAINE [SIC] RIDDICK'S

IDENTIFICATION, AS TO WHETHER OR NOT THAT A SUBSTANTIAL LIKELIHOOD OF IRREPARABLE MISIDENTIFICATION CAN BE SAID TO EXIST.

C. FAILURE OF THE PROSECUTION TO DISCLOSE THIS IMPEACHMENT EVIDENCE CONSTITUES [SIC] A <u>BRADY</u>[3] VIOLATION.

<u>POINT II</u>

THE POST-CONVICTION RELIEF (PCR) COURT ERRONEOUSLY DETERMINED THAT, "THE ASSERTIONS OF FACTUAL PREDICATES FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ARE TIME BARRED UNDER [<u>RULE</u>] 3:22-12[(a)](2)(B) AND MUST BE DISMISSED UNDER [<u>RULE</u>] 3:22-4(B)(1) AND (2)(B) BECAUSE OF LAPSE OF TIME."

<u>POINT III</u>

[DEFENDANT'S] CASE DEFINES "FUNDAMENTAL INJUSTICE[,"] THE PASSAGE OF TIME IS AN INSUFFICIENT REASON NOT TO CORRECT AN INJUSTICE WHEN THE JUDICIAL SYSTEM HAS DENIED A DEFENDANT WITH FAIR PROCEEDINGS LEADING TO A JUST OUTCOME OR WHEN INADVERTENT ERRORS MISTAKENLY IMPACTED A DETERMINATION OF GUILT OR OTHERWISE WROUGHT A MISCARRIAGE OF JUSTICE. (Not Raised Below).

In his reply brief, defendant raises the following arguments:

<u>POINT I</u>

[DEFENDANT] FILED A SUBSEQUENT PETITION FOR [PCR], TIMELY ALLEGING A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL THAT REPRESENTED HIS FIRST [PCR].

---

[3]  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

POINT II

[DEFENDANT'S] CASE DEFINES "FUNDAMENTAL INJUSTICE[,]" THE PASSAGE OF TIME IS AN INSUFFICIENT REASON NOT TO CORRECT AN INJUSTICE WHEN THE JUDCICIAL [SIC] SYSTEM HAS DENIED A DEFENDANT WITH FAIR PROCEEDINGS LEADING TO A JUST OUTCOME OR WHEN INADVERTENT ERRORS MISTAKENLY IMPACTED A DETERMINATION OF GUILT OR OTHERWISE WROUGHT A MISCARRIAGE OF JUSTICE.

A. AFTER THE DENIAL OF CONSENT TO SEARCH THE VEHICLE WAS EXERCISED[,] THE VEHICLE WAS ILLEGALLY SEIZED AND HELD FOR THREE DAYS BEFORE A WARRANT WAS SOUGHT FOR A SEARCH VIOLATING THE FOURTH AMENDMENT.

B. THE IDENTIFICATION PROCEDURES EMPLOYED BY THE LEAD INVESTIGATOR BALDWIN WAS IMPERMISSIBILY [SIC] SUGGESTIVE LEADING TO AN UNRELIABLE SAME EYEBROW IDENTIFICAITON.

Having considered defendant's arguments in light of controlling procedural rules and substantive law, we affirm for the reasons set forth in the cogent written opinion of Judge Petrolle. We add only the following.

Petitions for PCR are governed by time limitations, which are set forth in Rule 3:22-12. A second or subsequent petition for PCR must be filed within one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and

7

made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

[R. 3:22-12(a)(2).]

Here, defendant is seeking to appeal the denial of his second

PCR petitions. Consequently, Rule 3:22-12(a)(2) governs. Under

Rule 3:22-4(b),

[a] second or subsequent petition for [PCR] shall be dismissed unless:

(1) it is timely under [Rule] 3:22-12(a)(2); and

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence,

8

and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

First, defendant's second PCR petition failed to comply with the time restrictions set forth in Rule 3:22-12(a)(2). Defendant waited more than one year after we denied his first PCR appeal to file his second petition for PCR in 2011. Thus, the petition is time-barred. See R. 3:22-12(a)(2); see also State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013).

Second, defendant's third petition was filed almost six years after our decision in 2011, and almost four years after the dismissal of the second petition. Even were we to consider the third petition to relate back to the second petition, it would be time-barred.

Third, defendant's arguments relating to ineffective assistance of trial counsel could have been raised in his first PCR. The predicate for those arguments, as Judge Petrolle held, could have been discovered and raised "more than a year, even more than a decade" prior to the third PCR. The judge also correctly

held that the ineffective assistance of trial counsel arguments had been previously rejected on the merits.

Fourth, even were the petitions not procedurally barred, it is clear from a review of the record that defendant's contentions that his trial and PCR counsel were ineffective lack merit. Defendant asserts only conclusory contentions that do not establish a prima facie showing of ineffective assistance. State v. Marshall, 148 N.J. 89, 158 (1997); see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance.").

Finally, defendant's assertion of a right to a new trial based upon newly discovered evidence is more appropriately a motion for a new trial pursuant to Rule 3:20-1. That noted, in order for newly discovered evidence to warrant a new trial, the evidence must be "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Bey, 161 N.J. 233, 287 (1999); State v. Ways, 180 N.J. 171, 187 (2004); State v. Carter, 85 N.J.

300, 314 (1981). All three prongs must be satisfied before a new trial is granted. <u>Ways</u>, 180 N.J. at 187. A defendant has the burden to establish each prong is met. <u>State v. Smith</u>, 29 N.J. 561, 573 (1959).

Here, defendant's arguments relating to "new evidence" not only do not satisfy any of the <u>Carter</u> prongs, they are wholly without merit. Suffice it to state that the Kelly certification is not exculpatory. It is unclear what homicide is involved or exactly who the witness is who may have wrongly identified Kelly. Even if this witness was the same witness who later identified defendant, a prior incorrect identification would not have counterbalanced the overwhelming evidence against defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0798-16T4